Filed 2/11/14  P. v. Farias CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066216 |
| v. | (Super. Ct. No. VCF251965A) |
| ALBERTO GUADALUPE FARIAS, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Brian G. Smiley and Kenneth N. Sokoler, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Cornell, J., and Hoff, J.†

†       Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Alberto Guadalupe Farias, pled no contest to attempted murder (Pen. Code, §§ 664/187, subd. (a))[1] and admitted a personal use of a firearm enhancement (§ 12022.53, subd. (b)) and a gang enhancement (§ 186.22, subd. (b)(1)(C)).

On October 12, 2012, the court denied Farias's motion to withdraw plea and sentenced him to an indeterminate term of 25 years to life.

On appeal, Farias contends his sentence was unauthorized. We affirm.

## FACTS

On April 29, 2011, as E.V. drove with his brother, N.V., to an acquaintance's house in Woodville, a Trailblazer, driven by Clint Gilbert with Farias as a passenger, approached them from behind and pulled alongside them. Farias then fired several shots at the brothers, causing E.V. to lose control of his car and crash. After the shooting, Farias told Gilbert that the victims were "outsiders." Farias was a Northern gang member and Gilbert was a Northern gang associate.

E.V. sustained a gunshot wound to his back, one to his left calf, and a broken leg. N.V. suffered a gunshot wound to his neck, one to his right thigh, a large laceration to his left knee, fractures to each of his legs, and an injury to his ulnar nerve.

On August 25, 2011, the district attorney filed an information charging Farias and Gilbert with two counts of attempted murder (counts 1 & 2/§§ 664 & 187, subd. (a)) and one count of shooting at an occupied motor vehicle (count 3/§ 246). Counts 1 and 2 also alleged that the underlying attempted murders were committed "willfully, deliberately and with premeditation" within the meaning of section 664, subdivision (a). Each count also charged Farias and Gilbert with various gun enhancements and a gang enhancement (§ 186.22, subd. (b)(1)(c)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On May 31, 2012, the district attorney amended count 1 to name both victims. Appellant then pled no contest to count 1 and admitted an arming enhancement (§ 12022.53, subd. (b)) and a gang enhancement in exchange for the dismissal of the remaining counts and allegations and a stipulated term of 25 years to life. Farias however did not admit the allegation that he committed the attempted murder willfully, deliberately, and with premeditation.

On October 2, 2012, Farias filed a motion to withdraw plea.

On October 12, 2012, the court denied Farias's motion and sentenced him to the stipulated term of 25 years to life, 15 years to life on Farias's attempted murder conviction, a 10-year arming enhancement, and a stayed 10-year gang enhancement.

## DISCUSSION

Section 664, subdivision (a) provides, in pertinent part, that "if the crime attempted is *willful, deliberate, and premeditated* murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years." (Italics added.)

In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*), the United States Supreme Court held that except for a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington* (2004) 542 U.S. 296, 303, the court held that the term "statutory maximum" refers to "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."

3

Farias contends because he never admitted the special allegation that his attempted murder offense was willful, deliberate and premeditated, the court erred when it imposed an indeterminate sentence of 25 years to life because it violated the principles of *Apprendi*. We conclude that Farias is estopped from challenging his sentence on appeal.

"Where the defendant[ ] ha[s] pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).)

Farias faced a sentence in excess of 85 years to life if convicted of all charges and all allegations were found true. By accepting the plea bargain, however, he received a substantial benefit because it provided for a stipulated sentence of only 25 years to life. Since Farias received the benefit of his bargain, he is estopped from asserting error with respect to his indeterminate sentence.

Farias relies on *People v. French* (2008) 43 Cal.4th 36 (*French*) to argue that estoppel does not apply to plea bargain dispositions like his that run afoul of *Apprendi*. He is wrong.

In *French*, the defendant entered a plea agreement specifying that he would receive an aggregate sentence of *not more than 18 years in prison* for multiple offenses. (*French*, *supra*, 43 Cal.4th at p. 42.) The trial court sentenced the defendant to the maximum of 18 years. The sentence included an upper term sentence on one count, based on the trial court's finding of an aggravating factor that the defendant had taken advantage of a position of trust and confidence. (*Id.* at p. 43.)

The Supreme Court reversed, holding inter alia that, by entering into a plea agreement *with a specified maximum term*, the defendant "*did not implicitly admit that his conduct could support that [maximum] term.*" (*French*, *supra*, 43 Cal.4th at p. 48, italics added.) In so holding, the court expressly distinguished *Hester*, *supra*, 22 Cal.4th 290 on the ground that the plea agreement in *Hester* contained a specified sentence. A plea agreement that includes a specified sentence "constitutes an implicit waiver of [the defendant's] right to contend that the sentence imposed" is unlawful. (*French*, *supra*, 43 Cal.4th at p. 49.) In contrast, "[a] sentencing agreement pursuant to which the defendant pleads guilty or no contest with the understanding that he or she will receive a sentence within an agreed-upon maximum term ... 'contemplates that the court will choose from among a range of permissible sentences within the maximum ....' [Citation.]" (*Ibid*.) Because the trial court retains discretion to impose any appropriate sentence up to the specified maximum, the plea agreement cannot be deemed an implicit admission to any aggravating circumstance. (*Ibid*.)

Like the defendant in *Hester*, Farias agreed to a specified sentence that, in Farias's case, consisted of an indeterminate term of 25 years to life. *French* is therefore inapposite. His sentence did not violate *Apprendi* principles because, unlike the defendant in *French*, by agreeing to a specific sentence, i.e., 25 years to life, Farias implicitly admitted his conduct could support the indeterminate sentence. Farias is estopped from challenging any portion of his sentence including the indeterminate component.

## DISPOSITION

The judgment is affirmed.

5